## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRADFORD CASH | * | |
| 313 South Broadway, Apt. 3 | | |
| Baltimore, Maryland 21231 | * | |
| | | |
| *Plaintiff* | * | |
| | | |
| v. | * | Case No.: |
| | | |
| SCIENCE APPLICATIONS | * | |
| INTERNATIONAL CORPORATION | | |
| 12010 Sunset Hills Road | * | |
| Reston, Virginia 20190 | | |
| | * | |
| Serve On: | | |
| The Corporation Trust Incorporated | * | |
| 2405 York Road, Suite 201 | | |
| Lutherville Timonium, Maryland 21093 | * | |
| | | |
| *Defendant* | * | |

*        *        *        *        *        *        *        *        *        *        *        *        *

### PLAINTIFF'S COMPLAINT

COMES NOW Plaintiff, Bradford Cash, by and through his attorney, Neil S. Hyman, of the Law Office of Neil S. Hyman, and hereby sues the Defendant, Science Applications International Corporation. In support thereof, Plaintiff states as follows:

### PARTIES, JURISDICTION, & VENUE

1.     Plaintiff, Bradford Cash, is a resident of Maryland.

2.     Defendant, Science Applications International Corporation, is a foreign corporation doing business in the State of Maryland, with its principle office located at 12010 Sunset Hills Road, Reston, Virginia 20190.

3.     Venue is proper before the United States District Court for the District of Maryland, as Maryland is the locale in which all events or omissions giving rise to the claim occurred, as well

as where the Defendant maintains a place of business. 28 U.S.C. § 1391(b)(2); 38 U.S.C. § 4323(c)(2).

4.      Jurisdiction is proper before this Honorable Court as Plaintiff has asserted a violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), as well as other claims that are so related as to form part of the same case or controversy. 28 U.S.C. § 1367(a); 38 U.S.C. § 4323(b)(1).

### FACTS COMMON TO ALL COUNTS

5.      Plaintiff had been employed by Defendant as a senior intelligence analyst since May 4, 2017.

6.      Plaintiff provided notice to Defendant in late 2019 that he was leaving for an involuntary active duty military obligation with the United States Navy.

7.      Plaintiff was activated in October, 2019, and returned from his involuntary active duty military obligation on December 17, 2020.

8.      On or about October 8, 2020, Plaintiff provided notice to Defendant via email of his intention to return to work shortly after Thanksgiving of the same year following the completion of his active military obligation.

9.      Plaintiff was provided a letter from the Defendant which indicated that his return date would be in November, 2020, and that his annual salary was $103,463.50, which was also his salary prior to Plaintiff's leave of absence due to his active duty military obligation.

10.      Following this communication, Plaintiff was provided clearance paperwork by the Defendant to be completed, despite having previously done so and having maintained his proper clearance since original leaving for his military obligations. Nevertheless, Plaintiff completed said paperwork and returned it to Defendant.

11.     Despite this, Defendant has still failed to return the Plaintiff to his previous position and has likewise failed to provide him any compensation that he would have otherwise earned during the same timeframe.

12.     Plaintiff has looked for other employment opportunities, including other opportunities with the Defendant, but has not been successful in obtaining reemployment.

### COUNT I
### (Violation of USERRA, 38 U.S.C. § 4301, *et seq.*)

13.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully stated herein.

14.     Plaintiff is a uniformed service member covered by USERRA.

15.     Defendant is a private employer covered by USERRA.

16.     Plaintiff notified Defendant of his impending service related absence and his anticipated return after the completion of the same.

17.     Defendant violated USERRA when it failed to reemploy the Plaintiff, at minimum, in the position he had prior to the interruption caused by his involuntary military service, or a position of like seniority, status, and pay.

18.     The Defendant's circumstances have not so changed as to make reemployment impossible or unreasonable, nor would the reemployment under USERRA impose an undue hardship on the Defendant.

19.     Plaintiff has suffered, and continues to suffer, damages, including, but not limited to, lost wages and other damages.

WHEREFORE, Plaintiff, Bradford Cash, demands judgment against the Defendant, Science Applications International Corporation, in an amount in excess of $75,000.00 in

compensatory damages, plus liquidated damages, pre- and post-judgment interest, attorneys' fees, and costs.

## COUNT II
### (Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. § 3-501, *et seq.*)

20.     Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully stated herein.

21.     An employer is required to pay an employee at least once in every two (2) weeks or twice in each month. Md. Code Ann., Lab. & Empl. § 3-502.

22.     Defendant was required, pursuant to USERRA, to rehire Plaintiff, at minimum, to the same or similar position that he had prior to his leave of absence due to his military obligations. *See* 38 U.S.C. § 4313(a)(2).

23.     Defendant, through its own admission, indicated that Plaintiff's reemployment would begin in November, 2020, and that Plaintiff's salary would be $103,463.50. Nevertheless, Defendant has not rehired Plaintiff into his prior position, one similar thereto, nor have they otherwise paid the promised and owed wages to which Plaintiff is entitled.

24.     More than two weeks have elapsed from the date on which Defendants were required to pay Plaintiff his promised salary.

25.     There exists no bona fide dispute as to the wages owed to the Plaintiff by the Defendants.

26.     Accordingly, Plaintiff is entitled to treble damages and statutory attorney's fees with regard to the wages remaining unpaid by the Defendants. § 3-507.2.

WHEREFORE, Plaintiff, Bradford Cash, demands judgment against the Defendant, Science Applications International Corporation, in an amount in excess of $75,000.00 in

compensatory damages, plus treble damages, pre- and post-judgment interest, attorneys' fees, and

costs.

May 12, 2021                                    Respectfully submitted,


                                                */s/Neil S. Hyman*
                                                Neil S. Hyman, Esq.
                                                Law Office of Neil S. Hyman
                                                4520 East West Highway, Suite 700
                                                Bethesda, Maryland 20814
                                                (301) 841-7105
                                                neil@neilhymanlaw.com
                                                *Attorney for Plaintiff*

### **DEMAND FOR JURY TRIAL**

Plaintiff, Bradford Cash, respectfully requests a jury trial for all issues raised herein.

                                                */s/Neil S. Hyman*
                                                Neil S. Hyman, Esq.